IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

JULIANE MCLELLAN,                                              Civil Action No.

      Plaintiff,

v.

GARBAGE TO GARDEN, and
TYLER FRANK

      Defendants,

## COMPLAINT

Plaintiff, by and through her undersigned counsel, files this complaint for unpaid wages against the above-listed Defendants.

### STATEMENT OF THE CASE

1. Defendant Garbage to Garden ("GtG") and Tyler Frank formerly employed Plaintiff Juliane McLellan as an On-Site Events Coordinator & Field Operator from approximately June 2015 through January 2017.

2. During the entirety of McLellan's employment with the Defendants, she would routinely work in excess of forty (40) hours per week and was not paid at the proper overtime rate.

3. Upon information and belief, Defendant Frank personally exercises control over Defendant GtG, including but not limited to setting employment and payment rates and policies concerning employees working for GtG, including McLellan.

4. Defendants GtG and Frank violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and Maine wage laws 26 M.R.S. §§ 621-A, 626-A, 629, 664, and 670.

5.  Plaintiff requests that this Court exercise supplemental jurisdiction over her claims arising out of the laws of Maine, pursuant to 13 U.S.C. § 1367.

6.  The Defendants' violations of the FLSA and Maine's wage laws were willful and deliberate.

7.  McLellan seeks compensation for the Defendants' violations of the FLSA and Maine's wage laws.

## PARTIES, JURISDICTION, AND VENUE

8.  Plaintiff Juliane McLellan is a resident of Cumberland County, Maine.

9.  Defendant Garbage to Garden is Maine corporation with principal address of 57 Industrial Way, Portland, Maine 04103, which has operations in Maine and Massachusetts.

10. Defendant Tyler Frank is, upon information and belief, a resident of Cumberland County, Maine.

11. Jurisdiction is conferred upon this court by 28 U.S.C. § 1331, as this case arises under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

12. Plaintiff requests that this Court exercise supplemental jurisdiction over her claims arising under the laws of Maine, pursuant to 13 U.S.C. § 1367.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because most of the events and omissions giving rise to the Plaintiff's claims occurred in the District of Maine, and the Defendant conducts substantial business in the state of Maine.

## FACTS

14. Defendant Frank is the President and Director of Defendant Garbage to Garden, which is a Maine based corporation that provides curbside composing services for individuals in Maine and Massachusetts.

15. Commercial and residential customers of GtG collect food scraps and other compostable materials in buckets purchasable from various locations in Maine.

16. GtG customers then leave their buckets with their collected compostable outside their homes along with their garbage collection where they are then collected by GtG employees, known as field operators, on a weekly basis. GtG also provides compost to customers upon request.

17. To develop its business, GtG employees known as event coordinators would set up informational tables at various community events, including farmers' markets and local festivals. At these events GtG event coordinators would provide information to potential customers and provide composting services to the event itself.

## MCLELLAN'S EMPLOYMENT

18. McLellan was hired fully time by Defendants on or about June 2015 as an event coordinator and field operator.

19. McLellan worked as a field operator typically Mondays, Tuesdays, Thursdays and Fridays. She completed her event coordinator duties on evenings and weekends.

20. McLellan was paid $400 per week from her hiring through approximately May 2016. She then received a raise and was paid $500 per week from approximately May 2016 through her termination.

21.     Throughout her employment, McLellan routinely worked 50-70 hours per week, with the majority of that time being related to her responsibilities as a field operator, picking up compost buckets for GtG customers.

22.     In or around April 2016, McLellan's job responsibilities changed such that she no longer was responsible for coordinating events in any fashion, but was still required to attend and participate in GtG public events.

23.     In or around April 2016, McLellan confronted Defendant Frank concerning Defendants' failure to pay her overtime wages. Defendant Frank insisted that her weekly pay (then $500 per week) would not change, but that any overtime wages she accrued would be paid out to her in company stock.

24.     Defendants failed to deliver to McLellan any company stock as compensation for her overtime wages.

### DEFENDANTS FAIL TO PROPERLY PAY MCLELLAN ALL WAGES DUE

25.     McLellan routinely worked greater than forty (40) hours per week fulfilling her responsibilities as a field operator or event coordinator, but was not paid at the proper rate of time and a half of her base rate for all hours over forty (40).

### DEFENDANTS FAILS TO CORRECT THEIR FAILURE TO PAY

26.     McLellan, after leaving Defendants' employment, sought payment of all overtime owed her in January 2017. Defendants never responded to any of McLellan's attempts to resolve this dispute amicably.

27.     McLellan, through counsel, demanded all unpaid wages and his employment files by certified letter dated October 31, 2017, which was delivered on November 8, 2017.

28. Defendants failed to provide McLellan with a copy of her employment files or provide any response within 10 days, as required by 26 M.R.S. § 631.

29. As of the date of this filing, Defendants failed to provide McLellan with any employment files or response whatsoever.

30. Defendants have refused to correct their failure to pay McLellan notwithstanding the receipt of complaints.

## CLAIMS FOR RELIEF

### COUNT I:
### BREACH OF MAINE WAGE PAYMENT LAW

31. Plaintiff McLellan incorporates all previous paragraphs.

32. Defendants employed Plaintiff McLellan as a Field Operator / Event Coordinator.

33. Defendants failed to pay Plaintiff McLellan all overtime wages due on payday pursuant to the employment agreement that incorporated by law all applicable state wage laws.

34. Defendants failed to pay all wages due Plaintiff McLellan on payday as required under 26 M.R.S. § 621-A.

35. After leaving employment, Plaintiff McLellan demanded payment of the late and unpaid wages in compliance with 26 M.R.S. §§ 626 and 626-A. Defendants indisputably owed Plaintiff McLellan payment of all wages due.

36. Defendants failed to pay Plaintiff McLellan within eight days of the due date, nor within eight days of demand, and are liable pursuant to ME. REV. STATE. TIT. 26 §626-A for unpaid wages, a reasonable rate of interest, costs of suit including reasonable attorneys; fees, and an additional amount equal to twice the amount of unpaid wages as liquidated damages.

## COUNT II:
## BREACH OF MAINE OVERTIME LAW

37. Plaintiff McLellan incorporates all previous paragraphs.

38. Defendants employed Plaintiff McLellan under 26 M.R.S. §663.

39. Defendants failed to pay Plaintiff McLellan all overtime wages due under 26 M.R.S. § 664 by failing to pay her for all hours worked and for failing to pay time and a half for all hours worked in excess of 40 in a given week.

40. Accordingly, under 26 M.R.S. §670 the Defendants are liable to Plaintiff McLellan for unpaid wages adjudged to be due, an additional amount equal to such wages as liquidated damages, and costs of suit, including reasonable attorneys' fees.

## COUNT III:
## BREACH OF EMPLOYERS' OBLIGATION TO PROVIDE EMPLOYMENT FILE

41. Plaintiff McLellan incorporates all previous paragraphs.

42. Plaintiff McLellan, through counsel, requested a copy of any employment files held by Defendants regarding her employment via certified letter dated October 31, 2017, which was delivered on November 8, 2017.

43. As of the date of this filing, Defendants have failed to respond in any manner to McLellan's request.

44. Accordingly, under 26 M.R.S. § 631, Defendants were required to provide McLellan with a copy of his employment file within 10 days of his request. Having failed to do so, Defendants are subject to a civil forfeiture of $25 per day for each day that the failure has continued to a maximum of $500. Further, Defendant McLellan is subject to equitable relief, including an injunction, as the Court may deem necessary and proper and may award Plaintiff McLellan the reasonable costs of suit including a reasonable attorney's fee.

## COUNT IV:
## BREACH OF THE FAIR LABOR STANDARDS ACT
## 28 U.S.C. §§ 201 *et seq.*

45. Plaintiff McLellan incorporates all previous paragraphs.

46. During all times relevant to this action, Plaintiff McLellan was employed by Defendants as defined by 29 U.S.C. § 203(g).

47. Defendants failed to pay Plaintiff McLellan for time worked in excess of forty (40) hours in a given week at the proper overtime rate.

48. During all times relevant to this action, Plaintiff McLellan was employed by Defendants in an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. § 203(s)(1).

49. Upon information and belief, Defendants had annual gross revenue in excess of $500,000 and employed two or more persons, including Plaintiff McLellan, who handled and worked on materials which had been moved in interstate commerce.

50. Defendants failed to pay Plaintiff McLellan all overtime wages due at the proper overtime rate for all hours worked in excess of forty (40) hours in a given week, as is required by the FLSA.

51. Plaintiff McLellan is entitled to unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## DEMAND FOR JURY TRIAL

Plaintiff McLellan demands a jury for all issues so triable.

## **PRAYER FOR RELIEF**

Plaintiff respectfully request that this Court enter an order or orders:

a. Awarding the Plaintiff unpaid wages pursuant to 26 M.R.S. §§ 626, 626-A and/or 670;

b. Awarding the Plaintiff liquidated damages and penalties pursuant to 26 M.R.S. §§ 626-A and 670;

c. Awarding the Plaintiff costs and attorneys' fees pursuant to 26 M.R.S. § 631;

d. Compelling Defendants to produce to Plaintiff a copy of all employment files in its possession concerning Plaintiff's employment pursuant to 26 M.R.S. § 631;

e. Awarding the Plaintiff costs and attorney fees pursuant to 26 M.R.S. §§ 626-A and/or 670;

f. Awarding the Plaintiff unpaid wages pursuant to 29 U.S.C. §§ 207 & 216;

g. Awarding the Plaintiff liquidated damages and penalties pursuant to 29 U.S.C. §§ 207 & 216;

h. Awarding the Plaintiff costs and attorneys' fees pursuant to 29 U.S.C. §§ 207 & 216;

i. Granting such other relief as this Court deems just and proper.

Dated: January 8, 2018

                                                    Respectfully Submitted,

                                                    /s/ Peter Mancuso
                                                   Peter Mancuso, Esq.

                                                   Andrew Schmidt Law, PLLC
                                                   97 India St.
                                                   Portland, Maine 04101
                                                   207-619-0884
                                                   Peter@MaineWorkerJustice.com

                                                   *Attorneys for the Plaintiff*